UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HOLDING COMPANY OF THE
VILLAGES, INC., a Florida corporation,          Case No. 5:15-cv-00101-Oc-39PRL

    Plaintiff,

v.

A W POWELL LLC, a Florida limited liability
Company, VILLAGES RENTALS, LLC, a
Florida limited liability company, and
ALISTAIR W. POWELL a/k/a ALISTAIR
BARRETT-POWELL d/b/a VILLAGES
INDEPENDENT REALTY d/b/a VILLAGES
INTERNATIONAL REALTY,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, A W POWELL LLC, VILLAGES RENTALS ("A W"), LLC ("VILLAGES RENTALS"), and ALISTAIR W. POWELL a/k/a ALISTAIR BARRETT-POWELL d/b/a VILLAGES INDEPENDENT REALTY d/b/a VILLAGES INTERNATIONAL REALTY ("POWELL") (jointly, "Defendants") by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses in response to Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC.'s ("Plaintiff") Complaint (Doc. 1), and state as follows:

### PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1, and therefore deny the same.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants admit the allegations of Paragraph 3.

1

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore deny the same.

9. Defendants deny the allegations of Paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore deny the same.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants admit that Plaintiff has received Certificates of Registration from the

U.S. Patent and Trademark Office as shown on Composite Exhibit "A".   Defendants deny the remaining allegations contained in Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, and therefore deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, and therefore deny the same.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants admit Exhibit "D" appears to be a letter addressed to Defendant POWELL, otherwise, the document speaks for itself.   Defendants deny the remaining allegations contained in Paragraph 23.

24. Defendants deny Defendant A W required Plaintiff's permission or authorization to file a fictitious name.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and therefore deny the same.

26. Defendants admit POWELL and A W conducted business under the trade name VILLAGES INDEPENDENT REALTY and registered the domain www.villagesir.com. Defendants deny the remaining allegations contained in Paragraph 26.

27. Defendants admit that Exhibit "E" is a true and correct copy of a letter sent by Plaintiff's counsel.   Defendants deny the remaining allegations contained in Paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28, and therefore deny the same.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39, and therefore deny the same.

40. Defendants deny the allegations of Paragraph 40.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114(1)**

41. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable

attorney's fees, and for all other relief just and proper in the premises.

## COUNT II
### FALSE DESIGNATION OF ORIGIN AND FEDERAL FALSE ADVERTISING
### 15 U.S.C. § 1125

50. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable attorney's fees, and for all other relief just and proper in the premises.

## COUNT III
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125

58. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable attorney's fees, and for all other relief just and proper in the premises.

### COUNT IV
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER COMMON LAW

68. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable attorney's fees, and for all other relief just and proper in the premises.

### COUNT V
### UNFAIR COMPETITION IN VIOLATION OF
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

71. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that

Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable attorney's fees, and for all other relief just and proper in the premises.

## COUNT VI
## TRADEMARK INFRINGEMENT UNDER § 495.131, FLORIDA STATUTES

79. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable attorney's fees, and for all other relief just and proper in the premises.

## COUNT VII
## DILUTION UNDER § 495.151, FLORIDA STATUTES

88. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

93. Defendants deny the allegations of Paragraph 93.

94. Defendants deny the allegations of Paragraph 94.

95. Defendants deny the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations of Paragraph 97.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable attorney's fees, and for all other relief just and proper in the premises.

## COUNT VIII
## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

98. Defendants reincorporate their responses to Paragraphs 1 to 40 above.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

WHEREFORE, Defendants request the Court enter an order in Defendants' favor and that Plaintiff take nothing by way of its Complaint and award the Defendants its costs and reasonable attorney's fees, and for all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Unenforceability)

1. Plaintiff's marks are unenforceable against the Defendants as they are geographically descriptive, generic and/or merely descriptive.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. Plaintiff is estopped from enforcing its marks against the Defendants due to prior representations made to the U.S. Patent and Trademark Office and the Florida Secretary of State.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3. Plaintiff's marks are unenforceable against Defendants as Plaintiff has waived any claim it may have against the Defendants due to Plaintiff's failure to enforce its marks against third parties.

### FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

4. Plaintiff's marks are unenforceable against the Defendants as Plaintiff has allowed numerous third parties to use its marks without objection and/or license.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use)

5. Plaintiff's claim against the Defendants must fail as the Defendants' use of the word "VILLAGES" is merely to describe the geographical location of the Defendants' business and not used as a trademark.

### SIXTH AFFIRMATIVE DEFENSE
### (No Bad Faith Intent)

6. Plaintiff's claim for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), fails as Plaintiff's marks are not famous nor distinctive, and Defendants had a

9

good faith and proper business motive for using the term "VILLAGES".   Defendants did not register the domain name with a bad faith intent to profit, and Defendants maintain a legitimate business purpose.

### SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

7. Plaintiff's claims are barred due to its failure to enforce their marks, and fraudulent statements made to the U.S. Patent and Trademark Office.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, an award of the costs to defend this action, attorney's fees and all other relief just and proper in the premises.

Dated:   April 1, 2015.

>   */s/ Mark F. Warzecha*
>   Mark F. Warzecha, Esq.
>   Florida Bar No. 0095779
>   **WIDERMAN MALEK, PL**
>   1990 W. New Haven Avenue, Suite 201
>   Melbourne, Florida 32904
>   Telephone:   321-255-2332
>   Facsimile:   321-255-2351
>   MFW@USLegalteam.com
>   **Attorney for Defendants**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I further certify that the foregoing document is being served this date on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Mark F. Warzecha*
Mark F. Warzecha